UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES PIERCE, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 1:17-cv-02981-TWP-TAB |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

**Entry Dismissing Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of James Pierce, Jr. for a writ of habeas corpus challenges his conviction in disciplinary proceeding No. CIF 17-03-0370. The petition is **denied** and this action is dismissed pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Courts.* This disposition is based on the following facts and circumstances:

1. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4; *see also Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993).

2. A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.*

3. "[A] prisoner challenging the fact or duration of his confinement must seek habeas corpus relief; a prisoner challenging a condition of his confinement, by contrast, must

seek relief under 42 U.S.C. § 1983." *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The petition and the attachments thereto demonstrate that the petitioner was not deprived of earned credit time nor was he demoted to a lower credit earning class. The sanctions imposed therefore did not affect the fact or anticipated duration of Mr. Pierce's confinement, and thus are not sufficient to meet the "in custody" requirement of the federal habeas statute, 28 U.S.C. § 2254(a). *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001).

4. A sanction that does not subject an offender to "custody" cannot be challenged in an action for habeas corpus relief. *Cochran,* 381 F.3d at 639. When no recognized liberty or property interest has been taken, which is the case here, the confining authority "is free to use any procedures it chooses, or no procedures at all." *Montgomery,* 262 F.3d at 644.

5. Because Mr. Pierce's habeas petition shows that he is not entitled to the relief he seeks, the action is **summarily dismissed** pursuant to Rule 4. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 9/1/2017

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAMES PIERCE, JR.
973473
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362